FLEETWOOD *v.* LORD *et al.*

1. A widow as the head of a family consisting of herself and a minor child, having had a homestead set apart to her in 1872 out of the lands of her deceased husband's estate, and the adult heirs having acquiesced in the same, and the lands so set apart having been subsequently sold by order of the judge in conformity to section 2025 of the code, the purchaser at such sale acquired, not only the title of the beneficiaries, but that of the estate, so as to bar the rights of the adult heirs and all persons claiming under them, their rights being transferred to the property in which the proceeds of the sale were invested.

2. The homestead not having been taken by the widow in her own individual share of the realty belonging to her husband's estate, the indebtedness of the estate, the value of its assets, etc. was inadmissible for the purpose of showing that the homestead was not more than her own interest in the lands would have amounted to.

July 13, 1891.

Homestead. Sales. Title. Evidence. Before Judge JENKINS. Wilkinson superior court. April adjourned term, 1890.

Reported in the decision.

HARDEMAN & DAVIS and WHITFIELD & ALLEN, for plaintiff in error.

M. W. HARRIS and J. H. HALL, *contra.*

SIMMONS, Justice.

In 1871 Joel Dees died intestate, leaving a large estate of lands and other property. All the property went into the hands of the administrators, Duggan and Freeman, who were appointed in 1872. Dees left as his

heirs at law his widow Nancy and three children, to wit, Mrs. Fleetwood, Lizzie Dees and his minor son Joel T. Dees. In November, 1872, the ordinary of Wilkinson county set apart to the widow for herself and her minor son a homestead out of the estate, consisting of 450 acres of land, and the widow went immediately into the possession of the same. The administrators retained possession of the property until 1875, without paying the debts or making distribution. James Lord and H. A. Hall were the neighbors and friends and confidential advisers of the family, and in 1875 advised the heirs that the administrators were mismanaging the estate, and that if it were not got out of their hands it would be sacrificed, and the only way to get it out of their hands was to raise money and pay the debts, or sell their interest to some one who could control the administrators; and the heirs being unable to raise the money, Lord and Hall said they could find a purchaser, and in a few days proposed to purchase themselves. They were allowed to name their own price, and agreed to pay all the debts and pay each heir $1,800 for all the estate except the homestead. In 1883, the widow petitioned the judge of the superior court for leave to sell the homestead. All the heirs of the intestate were made parties. The judge granted the order authorizing the widow to sell the homestead, and Mrs. Fleetwood, one of the heirs, purchased it from the widow, paying her $2,500, and taking her deed in fee simple. This sale was afterwards ratified by the judge, who ordered the money to be reinvested. Subsequently Lord and Hall set up a claim to Lizzie's part of the homestead, which they alleged would accrue to her after the death of the widow, Lord and Hall alleging that they had purchased it from Lizzie, and Lizzie claiming that her interest in the homestead was excepted, and that while it did not appear in the deed from her to Lord and Hall, it was

v 87-38

the understanding and agreement that it should be ex-cepted, and that Lord and Hall agreed to make the ex-ception in the deed. A great deal of testimony was taken upon this point, which, in the view we take of the case, it is unnecessary to .detail. Mrs. Fleetwood filed her petition setting out these facts and a great many others which need not. be mentioned, and prayed for a decree against Lord and Hall cancelling as much of the deed from Lizzie Dees to them as conveyed to. them any interest in the homestead, and reforming the deed and the records thereof so as to except from the operation thereof all interest in the homestead lands, and that she might recover damages for the slander of her title, and for perpetual injunction against defend-ants. Lord and Hall answered the petition and denied all the material allegations therein, and set up a claim to Lizzie's interest in the homestead property after the death of the widow. On the trial of the case the jury found in favor of Lord and Hall. The plaintiff moved for a new trial, and the motion was overruled by the court.

1. Plaintiff's counsel requested the court to charge the jury that "the order of said court authorizing Nancy Dees to make a sale of the homestead, and the purchase by plaintiff of said homestead lands, under said order, divested all claim or interest of the heirs at law, or the purchasers from them, in and to said land, and transferred said interest or claim to the proceeds of said sale." Also, that "if the widow in such a case, under an order of court, sells said homestead, the fee would pass to the purchaser, to the exclusion of said adult heirs or purchasers from them." Also, that plain-tiff obtained by her purchase from Mrs. Dees, under the order of the court, the absolute fee simple in the lands. These charges the court refused to give, and error is assigned thereon in the 6th, 7th and 8th grounds of the

motion   We think the court should have given these
instructions to the jury.   The code, §2025, declares that
the sale of the homestead property in compliance with
the order of the court, " shall operate to pass to the
purchaser the entire interest and title of the benefi-
ciaries in the exempted property, and also the entire
interest and title owned before the exemption was made
by the party out of whose estate the property was so
exempted."   So it would seem that the purchaser of
this homestead property under the order of the judge
obtained the absolute fee therein, and all the interest
and title of the beneficiaries passed to her.   This being
true, it did not matter, so far as the purchaser was con-
cerned, whether the interest of Lizzie in the homestead
was excepted in her deed to Lord and Hall or not.   If
Lizzie had any interest, it was transferred from the
homestead property to the property purchased with the
proceeds of the sale thereof.   She is therefore barred
from claiming any interest in the homestead property
so sold, and Lord and Hall, who claim under her, are
also barred from claiming any interest in the land sold
under the order of the court.   When a widow takes a
homestead out of her husband's estate with the acqui-
escence of the adult heirs and a sale thereof is duly
made under the above cited section, this is an adminis-
tration by competent authority of so much of her de-
ceased husband's estate as against all persons not hav-
ing liens thereon to be enforced after the homestead
expires.

2. During the trial the plaintiff proposed to prove by
Mrs. Dees, the widow, the value of the estate, of its as-
sets, etc., for the purpose of showing that the home-
stead was worth no more than her own interest in the
land would have amounted to.   The record shows that
the widow did not take this homestead in her own indi-
vidual share of the realty belonging to her husband's

estate, but took it as the head of a family for herself and her minor son out of the estate. The evidence, therefore, of the value of the estate, its assets, etc., was inadmissible for the purpose offered, and the court did not err in excluding it.

As this decision will finally settle the controversy, it is unnecessary to notice the other grounds of the motion for a new trial.                    *Judgment reversed.*